UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES COLEMAN, DC#U17178,

    Plaintiff,

v.                                          Case No. 8:23-cv-02305-TPB-CPT

EVANDER LAMOURT,

    Defendant.
_____/

**DEFENDANT EVANDER LAMOURT'S ANSWER, DEFENSES, AND DEMAND FOR JURY TRIAL**

Defendant Evander Lamourt (hereafter "Sgt. Lamourt"), by and through his undersigned counsel, hereby files this Answer, Defenses, and Demand for Jury Trial in response to Plaintiff's Complaint (ECF No. 1), and contend as follows:

**ANSWER**

The specific responses to the allegations are presented using the pagination found on the top of each page in Plaintiff's Complaint as stamped by the CM-ECF e-filing system and the structure of the specific responses will mirror Plaintiff's section labels. ECF No. 1.

**Response to Pages 1-2:**

    I.    <u>The Parties to this Complaint</u>:

            A.    <u>The Plaintiff</u>: Admitted that Plaintiff, James Coleman, DC#U17178, (hereinafter "Plaintiff") is an inmate currently being

        held by the Florida Department of Corrections (hereinafter "FDOC") at Suwannee Correctional Institution (hereinafter "SCI"), 5964 U.S. Highway 90, Live Oak, FL 32060.

    B.    <u>The Defendant</u>: Admitted that at the time of the alleged events, Sgt. Lamourt, was a sergeant at the FDOC facility where Plaintiff was previously being held, Zephyrhills Correctional Institution (hereinafter "ZCI"), 2739 Gall Boulevard, Zephyrhills, Florida 33541.

**Response to Pages 2-4:**

  II.    <u>Basis for Jurisdiction</u>:

    A.    Admitted that this action is a 42 U.S.C. §1983 claim against a state official.

    B.    Admitted that this is a civil rights claim brought under the Eight Amendment of the United States Constitution.

    C.    No response warranted.

    D.    Admitted that at the time of the alleged events, Sgt. Lamourt was acting under color of state law as an employee of the FDOC working at ZCI. Admitted that Sgt. Lamourt and Officer Ricky Tyler (hereinafter "Officer Tyler") were attempting to escort Plaintiff from the L-Dorm recreation area back to Plaintiff's cell. Admitted Plaintiff was in waist and leg restraints. Without knowledge as to what Officer Tyler or Sergeant Brandon Strieff

(hereinafter "Sgt. Strieff") said to Plaintiff prior to the attempted escort, therefore denied. Admitted that at some point, Plaintiff was sitting down. Admitted that at some point, Plaintiff stood up. Denied that Plaintiff complied with the officers' instructions. Admitted that Sgt. Lamourt struck Plaintiff in the face with a closed fist; however, denied that such was without provocation. Admitted that Plaintiff was directed to the ground. Denied that once Plaintiff was on the ground, Sgt. Lamourt continued to strike Plaintiff.

**Response to Pages 4-6:**

 III. <u>Prisoner Status</u>:

   A. Admitted that Plaintiff is a convicted and sentenced state prisoner.

 IV. <u>Statement of Claim</u>:

   A. Admitted that at the time of the alleged events Sgt. Lamourt and Officer Tyler were attempting to escort Plaintiff from the L-Dorm recreation area back to Plaintiff's cell. Admitted that Plaintiff was in waist and leg restraints. Without knowledge as to what Officer Tyler or Sgt. Strieff said to Plaintiff prior to the attempted escort, therefore denied. Admitted that at some point, Plaintiff was sitting down. Admitted that at some point, Plaintiff stood up. Denied that Plaintiff complied with the officers' instructions. Admitted that Sgt. Lamourt struck Plaintiff in the face with a closed fist;

however, denied that such was without provocation. Admitted that Plaintiff was directed to the ground. Denied that once Plaintiff was on the ground, Sgt. Lamourt continued to strike Plaintiff. Admitted that Officer Tyler, Sgt. Strieff, and Officer Anthony White (hereinafter "Officer White") were present for the incident; however, without knowledge as to what they observed, therefore denied. Without knowledge as to whether other inmates were present or what they observed, therefore denied. Without knowledge as to whether Plaintiff requested video footage from the alleged incident or what Plaintiff was told in response to said request, therefore denied.

B. Admitted that the alleged events occurred at ZCI.

C. Admitted that the alleged events occurred on September 11, 2022, approximately between 6:00pm and 7:30pm.

D. Denied that Sgt. Lamourt assaulted Plaintiff. Admitted that Officer Tyler, Sgt. Strieff, and Officer Anthony White (hereinafter "Officer White") were present for the incident; however, without knowledge as to what they observed, therefore denied. Without knowledge as to whether other inmates were present or what they observed, therefore denied.

**Response to Pages 6-7:**

V. <u>Injuries</u>:

Without knowledge as to whether Plaintiff sustained any injuries, therefore denied.

VI. <u>Relief</u>:

No response warranted.

**Response to Pages 7-9:**

VII. <u>Exhaustion of Administrative Remedies</u>:

    A. Admitted that the alleged events occurred while Plaintiff was confined at ZCI.

    B. Admitted that ZCI has a grievance procedure.

    C. Admitted that ZCI's grievance procedure covers Plaintiff's claims.

    D. Admitted that Plaintiff filed a grievance regarding Plaintiff's claims.

    E. Admitted that Plaintiff filed the grievance at ZCI, that the grievance encompassed Plaintiff's claims, and that the grievance was approved (or otherwise referred to for investigation).

    F. No response warranted.

    G. No response warranted.

**Response to Pages 9-11:**

VIII. <u>Previous Lawsuits</u>:

    A. Admitted that Plaintiff has not filed other state or federal lawsuits in relation to Plaintiff's claims.

    B. No response warranted.

Case 8:23-cv-02305-TPB-CPT   Document 24   Filed 05/20/24   Page 6 of 8 PageID 112

    C.    No response warranted.

    D.    Admitted that Plaintiff has not filed other state or federal lawsuits regarding the conditions of his confinement.

**Response to Pages 12-13:**

  IX.  <u>Certification and Closing</u>:

    A.    Admitted that Plaintiff is a pro se litigant.

    B.    No response warranted.

ANY ALLEGATIONS NOT EXPRESSLY ADMITTED HEREIN ARE DENIED.

## **DEFENSES**

1. Defendant acted reasonably within the discretion of his position and the course and scope of his employment. Defendant did not violate any clearly established statutorily or constitutional right of Plaintiff, which a reasonable person would have known. Defendant is entitled to qualified immunity from suit.

2. Defendant did not use excessive force against Plaintiff. Any force used on Plaintiff by Defendant was applied in a good-faith effort to maintain or restore discipline, order, or ensure compliance with prison regulations.

3. Defendant did not cause Plaintiff's alleged injuries, nor were said injuries a result of an acts or omissions by Defendant.

4. Plaintiff's alleged injuries were not a reasonably foreseeable consequence of Defendant's conduct.

5. Defendant is entitled to the reduction of any award to the Plaintiff for indemnity received by the Plaintiff from collateral sources as provided for §768.76, Florida

Page 6 of 8

Statutes, as well as any judgments or debts owed to the State of Florida, including civil restitution liens pursuant to § 960.292(2) and § 960.293(2)(b), Florida Statutes.

6. Plaintiff's injuries are not more than de minimis. Therefore, Plaintiff cannot recover damages for mental or emotional injury pursuant to the Prison Litigation Reform Act.

7. To the extent that Plaintiff suffered injury as a result of the actions from himself or some third party and/or conditions not under the control of Defendant, Plaintiff is barred from recovery, in whole or in part, against Defendant with respect to such injuries.

8. Plaintiff has failed to mitigate and lessen damages, if he sustained any, as required by law, and is barred from recovery by reason thereof against Defendant.

9. Plaintiff is not entitled to compensatory, punitive, or nominal damages.

10. Defendant did not inflict harmful or offensive conduct upon Plaintiff, nor did Defendant intend to cause such conduct or apprehend that such conduct was imminent.

11. Defendant's alleged use of force was authorized under Florida law.

## DEMAND FOR JURY TRIAL

Defendant Sgt. Lamourt hereby demands a trial by jury for all matters so triable as of right.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendant Sgt. Lamourt denies that Plaintiff is entitled to the relief sought, or any relief whatsoever.

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

/s/Lydon William Schultz
Lydon William Schultz
Assistant Attorney General
Florida Bar No. 126615
Office of the Attorney General
Civil Litigation Central
3507 E. Frontage Road, Suite 150
Tampa, Florida 33607
Tel: (813) 233-2880|Fax: (813) 281-1859
Lydon.Schultz@myfloridalegal.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 20, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notice to those persons capable of receiving such notice of electronic filing. I further certify that I caused to be served a true and correct copy of the foregoing document by First-Class U.S. Mail to Plaintiff, pro se, James Coleman, DC#U17178, Suwannee Correctional Institution, 5964 U.S. Highway 90, Live Oak, Florida 32060.

/s/Lydon William Schultz
Lydon William Schultz
Assistant Attorney General